NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3743
_____

UNITED STATES OF AMERICA

v.

JORGE OMAR LOPEZ-ALFARO
also known as
JORGE OMAR LOPEZ
also known as
JORGE AGUILAR
also known as
GEORGE CARCAMO

Jorge Omar Lopez-Alfaro,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-09-00735-001)
Honorable Juan R. Sanchez, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
October 2, 2012

BEFORE: FUENTES, FISHER and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: October 3, 2012)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on an unusually narrow appeal by appellant Jorge Omar Lopez-Alfaro from a judgment of conviction and sentence dated September 26, 2011, entered pursuant to his plea of guilty in this criminal case. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

The background of the case is as follows. Lopez-Alfaro, a native of Mexico who was in this country illegally, pled guilty in a state court in Florida to a charge of attempted first degree murder. The Florida court sentenced him to a six-year custodial term, but apparently because the court anticipated that he would be removed from the country after he was released it did not impose any type of supervisory term to follow Lopez's release following his service of his custodial term. In fact, he was removed from this country on or about August 11, 2005, following the completion of his custodial term.

Subsequently, Lopez-Alfaro reentered this country illegally and the Philadelphia police arrested him for various state offenses. The state court, however, released him pending the state court proceedings but federal immigration agents then arrested him because of his illegal status in this country. This federal arrest led to his indictment in the District Court for unlawful reentry contrary to 8 U.S.C. §§ 1326(a) and (b)(2). He pleaded guilty to this offense and the Court sentenced him within the statutory and guideline ranges to a 47-month custodial term to be followed by a three-year term of supervised release. The state court charges have been dismissed.

2

Lopez-Alfaro appeals, contending only that his term of supervised release was unlawful because the District Court imposed it as a punishment for his offense of unlawfully reentering the country even though a term of supervised release cannot be imposed as a punishment. He acknowledges, however, that even though the Court explained why it was imposing the term of supervised release, he did not object to the imposition of the term in that Court. Consequently, we review the sentence for plain error, see United States v. Maurer, 639 F.3d 72, 77 (3d Cir. 2011), but that review encompasses an exercise of plenary review to the extent that Lopez-Alfaro contends that the Court erred as a matter of law in imposing the term of supervised release. See United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008).

Lopez-Alfaro correctly sets forth the law underlying the reasons for the imposition of a term of supervised release but the problem with his appeal is that the District Court imposed the sentence of supervised release for appropriate statutory reasons. Therefore, the Court did not plainly err, or err at all, in imposing the term.

As the government points out, 18 U.S.C. § 3553(a) sets forth the factors that a district court should consider in imposing a sentence. 18 U.S.C. § 3583(c), in turn, incorporates the factors for a court to consider in determining whether to impose a term of supervised release. Among the sentencing factors incorporated by section 3583(c) for a court to consider in determining whether to impose a term of supervised release is the need "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). But the factor of "punishment" as a basis for determining the length of a sentence set forth in 18 U.S.C. § 3553(a)(2)(A) is not incorporated as a factor for a court to take into

3

account when determining whether to impose a term of supervised release. Consequently, as the Supreme Court set forth in <u>Tapia v. United States</u>, 131 S.Ct. 2382, 2388 (2011), "a court may <u>not</u> take account of retribution . . . when imposing a term of supervised release" (emphasis in original).

In view of the clear law we must ascertain why the District Court imposed the term of supervised release. Our task is hardly difficult. The District Court was aware that because the Florida court in sentencing Lopez-Alfaro did not impose any type of supervision on him to follow his release from custody it was not possible to use a summary procedure for punishment when he illegally returned to this country. The Court quite reasonably recognized that Lopez-Alfaro again might return to the country illegally after being removed and it sought to ensure that he could be punished for so reentering if he did so without the initiation of a new plenary criminal proceeding. It therefore indicated that it was imposing a term of supervised release on his federal conviction for unlawful reentry because "[b]ased on the experience we had before with him, that he reentered the United States, I think it's wise to impose some kind of supervision . . . . So I do believe that despite the defendant's impending deportation, that I should impose a maximum term of supervised release, so that if he comes back into the United States without authorization, he can be found in violation of supervised release." App. at 187-88.

Of course, once Lopez is removed from this country the term of supervised release will have no meaning as far as he is concerned unless he returns to this country illegally. It accordingly follows that the District Court imposed the sentence strictly for reasons of

4

deterrence rather than as a punishment and therefore it was perfectly appropriate to provide for supervised release to follow his release from custody even if he was to be removed after service of his custodial term.

Finally we note that we are aware that the Sentencing Commission has indicated that while ordinarily a court should not impose a term of supervised release on a defendant expected to be removed from the country because if he illegally returns the need for adequate deterrence and protection of the public can be served by a new prosecution for unlawful reentry. But the commission also has indicated that "[t]he court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1 app. note 5. The Court when it imposed the term of supervised release acted in exact conformity with this note.

The judgment of conviction and sentence of September 26, 2011, will be affirmed.